NEW-YORK,
May, 1819.

Norris
v.
Lain.

———◦※◦———

Norris *against* Lain.

IN ERROR, on *certiorari* to a Justice's Court.

The defendant in error brought an action in the Court below, against the plaintiff in error, and the following facts appeared on the trial. The parties had made a verbal agreement, by which the plaintiff below was to sell, and the defendant to purchase, a piece of land, for 1800 dollars. At the time appointed by the agreement, the plaintiff was ready with a deed, executed and acknowledged on his part, but the defendant refused to complete the bargain. The plaintiff then brought this action, for the expenses of preparing and acknowledging the deed, and for attending to perfect the agreement; and the justice rendered judgment in his favour for five dollars.

*Per Curiam.* Here was a parol agreement for the sale of land, which is void by the statute of frauds; and being one single and entire contract, it was void in all its parts, and for every purpose. The preparation of the deed was a mere incident to the contract, and fell with it. If the purchaser had verbally agreed with the seller, to this effect: "bring the deed, and if I then choose to refuse it, and vacate the agreement, I will pay for it," the seller might maintain an action for the price of the deed. There would then, in fact, be two agreements; one for the sale of the land, which is not binding, and the other a valid agreement in regard to the deed. It is very clear, that the signing and acknow-

Where a parol agreement is made for the sale and purchase of land, (which is void by the statute of frauds,) and the vendor is ready at the time appointed with a deed executed and acknowledged, but the purchaser refuses to complete the agreement, an action will not lie to recover the expense of the conveyance: though if the purchaser had been requested to prepare a deed, on the defendant's promise to pay for it, in case he chose to recede from the bargain, the action would be supported, as there would then be a valid agreement distinct from the one made void by the statute.

NEW-YORK,
May, 1819.

ledging of the deed was not a part performance of the con-
tract, so as to take the case out of the statute.  (1 *Com. on
Cont.* 115, 116.)