ROGER D. WELLS, as executor, Appellant, *v.* LYSANDER MANN, Respondent.

It is the right of a surety to pay the debt and sue his principal, and one who, for value, transfers a debt or security, and becomes guarantor or indorser thereupon, can thus protect himself against the consequences of delay in enforcing the principal obligation. He cannot, by notice, impose upon the creditor or holder, the duty of active diligence, at the risk of discharging the surety by omitting it.

The defendant, holding a note made by V., transferred it, at the time signing his own name under that of V. The note subsequently coming into the hands of the plaintiff, he transferred it to C, writing his own name under the defendant's, with the word "surety" added. This transfer was upon a loan of money by C. C. subsequently sued the plaintiff to recover the amount, setting up both the loan and the note. The defendant thereupon requested the plaintiff to defend on the ground of his (the defendant's) notice to C. to collect the note of V. and the latter's neglect to do so, promising to indemnify him as to the costs of such defence. The

plaintiff defended unsuccessfully. In the present action brought by him to recover the costs of such defence,—*Held*, that although such notice to and neglect of *C.* was no defence to the plaintiff, and although a judgment on that issue in the plaintiff's favor would have been no bar to an action against the defendant, yet the promise to indemnify was valid, as founded upon a good consideration, in the loss and trouble to the plaintiff of the defence.

(Argued March 30; decided April 11th, 1871.)

APPEAL from the late General Term of the Supreme Court. in the Third judicial district.

The action was first tried without a jury, in October, 1862; judgment went for the plaintiff for the full amount. Defendant appealed to the General Term of the third district, where the judgment was reversed. The cause was again tried at the Schoharie circuit, before a jury. The jury were directed to find for the defendant on the first cause of action in the complaint (the one now in question), and it was ordered that proceedings be stayed until the determination of the court upon the exceptions taken, and that they be heard at the first instance at the General Term. The General Term denied plaintiff's motion for a new trial, and ordered judgment in accordance with the verdict. The plaintiff appealed to this court.

The plaintiff claims to recover the amount paid by him for damages and costs incurred by him in defending an action brought against him to recover the amount of a note, and alleges that he paid the same as surety for the defendant. He also claims that the costs of defending were incurred at the defendant's request and for his benefit. Mann, the defendant, was the owner of a note made by Vrooman for $300; he transferred it to one Chase, himself signing under Vrooman's signature. Chase transferred the note to Wells, the plaintiff; he afterward sold the note to Cameron, upon a loan of money and at the time, signed his name under Vrooman's and the defendants, adding the word "surety;" but of this transaction the defendant had no knowledge. Cameron afterward sold his demand against Wells for the money loaned, and also this note, to Watson. He commenced an

action against Wells upon the note and the demand for the money loaned under such circumstances and recovered.

The defendant offered to show, that while Cameron was the owner of the note, the defendant had notified him to proceed and collect the note of Vrooman, who was then solvent, but that he neglected to do so. Vrooman is now insolvent. The offer, under objection, was rejected. Soon after Watson had sued the plaintiff, the defendant met him and informed him of the notice to Cameron. After such information Wells said to Mann, if you say so, I will pay the note and save costs; if not, and you think best, I will defend. Mann said he did not wish to pay the note if he could avoid it. Wells claims that Mann distinctly told him to defend. Mann denies that he did so. This action is brought upon Mann's promise to indemnify.

*N. C. Moak*, for appellant. If Wells signed the note after its execution by Vrooman and defendant, he was merely a guarantor (27 N. Y., 41), and Watson could not recover upon the note the amount thereof, but only the amount paid Wells for his signature. (31 Barb, 241; 29 N. Y., 410.) Mann would have been benefited by the defence had it been successful. (*Fake* v. *Smith*, 7 Abb. N. S., 106; 12 N. Y., 343; 10 Wend., 203, 205; 2 Hill, 105; 3 Watts, 311; 3 Watts & Serg., 409; 4 Mass., 349; 20 N. Y., 227; 12 Wend., 309; 26 N. Y., 129; 15 N. Y., 407; 15 Wend., 425; 40 Barb., 235; 31 Barb., 540; 44 Barb., 327; 38 Barb., 126; 6 Barb., 466.) As to a discharge of the surety and waiver of the laches, see 4 Hill, 650; 45 Barb., 216, 217; Edw. on Prom. Notes, 650, 651; *Tibbetts* v. *Dowd* (23 Wend., 381); 1 Par. on Con., 5 ed., 171; 3 Kent's Com., 113, marg. p.; *Sigerson* v. *Matthews* (20 How. U. S., 496, 500).

*L. Tremain*, for respondent, on the question of suretyship, cited *Harris* v. *Warner* (13 Wend., 400); *Warner* v. *Price* (3 Wend., 397); *Zaker* v. *Martin* (3 Barb., 634); *Sisson* v. *Barrett* (2 Comst., 406); *Partridge* v. *Colby* (19 Barb., 348); *Butler* v. *Haight* (8 Wend., 535); *Monroe* v. *Hoff* (5 Denio.,

360); *Hunt* v. *Amidon* (4 Hill, 349); *Norton* v. *Coons* (3 Denio, 132); *Lathram* v. *Wilson* (30 Vt. (1 Shaw.), 604); Fell's Law of Guar. and Suretyship, 2d Am. ed., 268; *Chappell* v. *Spencer* (23 Barb., 584).

ANDREWS, J. It was held in *Paine* v. *Packard* (13 J., 174), in an action by the payee against the makers of a joint note, which was signed by the defendant Packard as surety for his co-contractor, that a surety is discharged from liability by the neglect of the creditor to proceed to collect the debt of the principal debtor upon the request of the surety whereby reason of such neglect and the subsequent insolvency of the principal the debt as to him is lost.

This case was regarded as introducing a new rule, and while the rule has been adhered to in cases strictly analogous, the courts have been disinclined to extend it. (*Tremble* v. *Thorn*, 16 J., 151; *King* v. *Baldwin*, 17 J., 384; *Herrick* v. *Borst*, 4 Hill, 650; *Pitts* v. *Congdon*, 2 Comst., 352.)

In *Tremble* v. *Thorn* the court refused to apply it in an action by the holder of a promissory note against an indorser, who had indorsed and transferred it for value, on the ground that although an indorser is in the nature of a surety, he is answerable upon an independent contract.

Nor has it been extended to engagements which, though collateral in form, were entered into for the benefit of the surety, subsequent to the original transaction, and upon a new or independent consideration.

The argument from natural equity and the presumed intention of the parties, upon which the doctrine in *Paine* v. *Packard* is sustained, has but slight application in such cases. It is the right of a surety to pay the debt and prosecute the principal, and one who for value transfers a debt or security, and thereupon becomes guarantor or indorser, can protect himself against the consequence of delay in enforcing the principal obligation, and cannot, we think, by notice impose upon the creditor or holder the duty of active diligence at the risk of discharging the surety by omitting it.

The defendant in this case took the note from Vrooman in payment of a debt and then transferred it in part payment for a farm purchased by him, and at the time of the transfer signed it.

It is unnecessary to determine the nature of his obligation. Whether he is regarded as a maker or guarantor (27 N. Y., 39 ; 29 id., 408), he was not a surety within the rule in *Paine* v. *Packard,* and the omission of the holder to prosecute Vrooman, upon his request, although Vrooman subsequently became insolvent, did not discharge him from liability.

If, therefore, the defendant requested Wells to defend the suit of Watson upon the ground that Cameron had neglected to prosecute Vrooman and promised to pay the costs of that defence, such promise was not supported by any consideration beneficial to the defendant.

But the consideration of a promise may be found as well in any loss, trouble or inconvenience to, or charge upon the person to whom it is made, as in a benefit to the person making it.   (Smith's Law of Cont., 52 ; 1 Sel. N. P., 43.)

And if Wells defended the suit of Watson upon Mann's promise to indemnify him against the costs of the defence, and the defence was made in good faith, it was a good consideration for the promise, although Mann was mistaken as to the validity of the defence.

The court directed a verdict for the defendant, and this direction was erroneous, if upon the most favorable consideration of the evidence the jury could have found that the suit of Watson was defended at the request of Mann and upon his promise to pay the costs.

There is no proof of an express promise, but an agreement may result as a legal inference from the facts and circumstances of the case, although not formally stated in words.   (Story on Cont., § 11.)

It was assumed in the conversation between Mann and Wells in respect to the defence of the Watson suit, not only that the proposed defence, if proved, would exonerate Wells

from liability, but that a judgment upon the issue in his favor would be a bar to a subsequent action against Mann.

This assumption in both respects was unfounded, but it is a material circumstance, in interpreting the language of the parties, that they acted upon it.

When the Watson suit was commenced Wells had a remedy against Mann in case he paid the note, unless Mann was discharged by the neglect of Cameron.

Wells testified that he informed Mann that he should pay the note and save costs, unless the latter thought best to defend the suit, and that Mann after some hesitation directed him to "go on and defend it."

The defence was then interposed, and the plaintiff recovered a judgment for damages and costs.

Upon this evidence, in connection with the other circumstances, the jury might have found a promise by Mann to pay the costs of the defence, and the case should have been left to them upon that issue.

It is not material to the rights of the parties whether the recovery in the suit of Watson was upon the loan or upon the note held as collateral security for it. The complaint in that suit was framed so as to have allowed a recovery for either cause of action.

If the recovery was for the loan, it negatives any claim that the defence to the note prevailed. Any act or omission of duty on the part of Cameron, whereby the security of the note was lost, was a good defence in an action to recover the money loaned to the extent at least of the value of the security. (Story's Eq. Jur., § 326; Story on Notes, § 284; *Schroeppel* v. *Shaw*, 3 Comst., 446.)

The judgment should be reversed and new trial granted, with costs to abide the event.

All agree. Judgment reversed. New trial granted.