EDWARD NEWCOMB, Receiver, etc., Appellant, *v.* MATTHEW HALE, Impleaded, etc., Respondent.

Where, upon the sale of a bond and mortgage, the assignor has guaranteed the payment, he is not released from liability on his guaranty by a failure on the part of the assignee to comply with a notice requiring him to

proceed to collect the indebtedness by legal proceedings, although the property has, after the notice, depreciated in value, and the obligor has become insolvent.

It is the duty of the guarantor in such case to pay the debt when it matures, and he can then protect himself by enforcing the principal obligation; he cannot, by notice, impose upon the creditor the duty of active diligence.

(Argued October 12, 1882 ; decided November 14, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 14, 1881, which affirmed a judgment in favor of defendant Hale, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by defendant Cameron, which mortgage with the accompanying bond had been assigned by defendant Hale to plaintiff. In and by the assignment, Hale guaranteed the payment of the bond ; this was set forth in the complaint, and a personal judgment was asked against Hale for any deficiency.

It appeared that in October, 1874, Hale served upon plaintiff a written notice requiring it to foreclose the mortgage. Subsequently he withdrew the notice, and consented that his guaranty should remain in full force so long as the interest on the mortgage was promptly paid, but notified plaintiff to proceed at once to foreclose whenever there was a default in payment of more than one installment of interest. Interest was payable semi-annually, and none was paid after October, 1876. This action was commenced in 1879. Hale was not notified of the default in payment. It appeared that after such default the property greatly depreciated in value.

*N. C. Moak* for appellant. The respondent having for a valuable consideration between him and the insurance company, guaranteed the payment of the bond and mortgage, was, as between himself and the company, a principal debtor. ( *Wells* v. *Mann,* 45 N. Y. 327, 330 ; *Pain* v. *Packard,* 13 Johns. 174 ; *Tremble* v. *Thorn,* 16 id. 151 ; *King* v. *Baldwin,* 17 id. 384 ;

*Herrick* v. *Borst*, 4 Hill, 650 ; *Pitts* v. *Congdon*, 2 Comst. 352 ; *Deck* v. *Works*, 18 Hun, 266, 274 ; *Brown* v. *Curtis*, 2 N. Y. 229 ; *Smith* v. *Steele*, 25 Vt. 427 ; *Cordell* v. *McNiell*, 21 N. Y. 336 ; *Bruce* v. *Burr*, 67 id. 237, 240–2 ; *Allen* v. *Eighmie*, 14 Hun, 559 ; 79 N. Y. 632 ; *Torrey* v. *Hadley*, 27 Barb. 192 ; *Marshall* v. *Davies*, 78 N. Y. 414, 420–2 ; *Calvo* v. *Davis*, 73 id. 211 ; *Marsh* v. *Pike*, 10 Paige, 595 ; *Munger* v. *Albany City Bank*, 85 N. Y. 591–2 ; *Schroeppel* v. *Shaw*, 3 id. 454 ; *Hunt* v. *Purdy*, 82 id. 490 ; *Remsen* v. *Beekman*, 25 id. 552 ; *Northern Ins. Co.* v. *Wright*, 76 id. 445 ; 13 Hun, 168 ; 76 N. Y. 447–8 ; *Craig* v. *Parks*, 40 id. 181 ; *Colgrove* v. *Tallman*, 67 id. 95.) The defendant Hale did not give the plaintiff or the company a proper notice to foreclose. ( *Valentine* v. *Farmington*, 2 Edw. Ch. 52 ; *Mutual Life Ins. Co.* v. *Davies*, 44 N. Y. Supr. Ct. 172 ; *Hunt* v. *Purdy*, 82 N. Y. 486, 490 ; *Singer* v. *Troutman*, 49 Barb. 182 ; *Wolleshare* v. *Searles*, 45 Penn. St. 45 ; *Cope* v. *Smith*, 8 S. & R. 110 ; *Helen* v. *Crawford*, 44 Penn. St. 105 ; *Fidler* v. *Hershey*, 90 id. 363 ; *Mair* v. *Conovan*, 8 Daly, 272.) As defendant Hale was indemnified by the owner of the property to the extent of $800 for any judgment, for a deficiency that might be obtained against him, the court should have directed that he be held liable to that extent, at least, upon his guaranty. (1 Story's Eq. Jur., § 327 ; *Moore* v. *Paine*, 12 Wend. 123 ; *Kleinhaus* v. *Generous*, 25 Ohio St. 667 ; *Smith* v. *Steele*, 25 Vt. 427 ; *Higgins* v. *Wright*, 43 Barb. 461 ; *Morgan* v. *Franklyn*, 55 How. 244.)

*Samuel Hand* for respondent. If a surety requests the creditor to proceed and enforce his security against the principal, and he omits to do so within a reasonable time, so that a loss occurs, the surety is discharged. ( *King* v. *Baldwin*, 17 Johns. 384 ; *Remsen* v. *Beekman*, 25 N. Y. 552 ; *Northern Ins. Co.* v. *Wright*, 13 Hun, 166 ; *S. C.*, 76 N. Y. 446 ; *Colgrove* v. *Tallman*, 67 id. 95.) The respondent stood in the relation of surety to the principal debtor. (*Calvo* v. *Davies*, 73 N. Y. 211 ; *Remsen* v. *Beekman*, 25 id. 552, 556, 557.) He was never, in fact, the principal debtor or any thing but a

surety. (*Northern Ins. Co.* v. *Wright*, 13 Hun, 166, 168 ; 76
N. Y. 446 ; 19 Alb. L. J. 378.)  A verbal notice given by
respondent was sufficient. (*Northern Ins. Co.* v. *Wright*, 13
Hun, 166, 168 ; 76 N. Y. 446 ; 19 Alb. L. J. 378.)  The fact
that the respondent protected himself to some extent against
loss by his agreement with Bergman does not affect the ques-
tion of his liability. (*Simpson* v. *Brown*, 68 N. Y. 355.)  The
guaranty was not of the payment of the bond, but of the mort-
gage.  This was equivalent to a guaranty of collection only,
and the neglect of plaintiff or the company to foreclose after a
failure to pay interest, while the premises were constantly
depreciating, of itself discharged the surety, without reference
to the question of notice. (*Northern Ins. Co.* v. *Wright*, 13
Hun, 166, 168 ; 76 N. Y. 446 ; 19 Alb. L. J. 378 ; *Merritt* v.
*Bartholick*, 36 N. Y. 44 ; *S. C.*, 47 Barb. 253.)

ANDREWS, Ch. J.   The doctrine that a surety is entitled by
notice to call upon the creditor to proceed to collect the debt
by legal proceedings against the principal, on the debt becom-
ing due, although no such obligation is imposed by the con-
tract, and that the creditor failing to comply the surety is dis-
charged to the extent of the loss sustained by the delay, came
into the law of this State with *Pain* v. *Packard* (13 Johns.
174), which was an action against the defendant on a joint note
signed by him as surety for one Munson, the other joint maker,
given for a debt owing by Munson to the plaintiff.   The court
held that the surety was discharged by the delay of the creditor
to proceed after notice to collect the note of Munson, he having
subsequently become insolvent.   The same decision, under
circumstances substantially similar, was made by the Court of
Errors in *King* v. *Baldwin* (17 Johns. 384), overruling the
chancellor (2 Johns. Ch. 558).  The doctrine of *Pain* v.
*Packard*, though frequently criticised, has not been overruled,
but the courts have not been disposed to apply it, except in
cases where the surety became such at the inception of the
contract, or that relation was created by dealings between the
parties originally bound by the contract subsequent thereto of

which the creditor had notice. In *Trimble* v. *Thorne* (16 Johns. 151), the court refused to apply it to the case of an indorser for value on the ground that the indorser, though in the nature of a surety, is answerable upon an independent contract, and that it was his duty to take up the bill when dishonored.

SPENCER, Ch. J., in his opinion in *King* v. *Baldwin* (17 Johns. 386), seems to assume that a surety may always proceed in a court of equity, after the debt becomes due, to compel the creditor to collect of the principal debtor. But the authorities do not sustain the broad proposition assumed by the learned judge. There must be some specific equity beyond the mere relation of surety and creditor to entitle the surety to this relief. (*Hayes* v. *Ward*, 4 Johns. Ch. 131; *In re Babcock*, 3 Story, 393; *Marsh* v. *Pike*, 1 Sandf. Ch. 210; *S. C.*, 10 Paige, 595; *Wright* v. *Nutt*, 3 Bro. Ch. 326; Story's Eq., § 327; 2 L. C. Eq. 1890.) In the leading opinion in *King* v. *Baldwin*, the doctrine of *Pain* v. *Packard* was put on the ground of a moral or equitable duty resting upon the creditor to obtain payment of the principal debtor, and not from the surety, unless the principal is unable to pay, and that this accords with the presumed intention of the parties. This reasoning applies where the strict relation of principal and surety exists, and the latter has entered into the contract solely for the benefit of the principal debtor, and the doctrine may perhaps be consistently applied in special cases where the relation is created by subsequent dealings between the original debtors, as in *Colgrove* v. *Tallman* (67 N. Y. 95; 23 Am. Rep. 90). The case of *Remsen* v. *Beekman* (25 N. Y. 552) is within the principle of *Pain* v. *Packard*. The defendant in that case was a surety in form as well as in fact, having guaranteed the bond of one Livingston that he might obtain the release of a part of mortgaged premises from the plaintiff's mortgage.

The case here is that of a guaranty of payment made by a vendor, on the sale to the plaintiff of a bond and mortgage, the former receiving the full amount of the security as the consideration of the transfer, and the question is whether the

doctrine of *Pain* v. *Packard*, applies so as to release the defendant from liability on his guaranty by reason of the neglect of the plaintiff, as assignee of the bond and mortgage, to proceed after notice to collect it, the property having meanwhile depreciated in value, and the obligor having become insolvent.

The general rule is well settled, that mere delay by a creditor to collect of the principal debtor, or to proceed against a fund pledged by him for the payment of the debt, will not exonerate the surety or affect his liability, notwithstanding loss may have resulted from the delay. (*Schroeppell* v. *Shaw*, 3 Comst. 446; *King* v. *Baldwin*, 2 Johns. Ch. 558; *Eyre* v. *Everett*, 2 Russ. 381; Story's Equity, § 326.) The rule of course yields where the duty to proceed with diligence to collect of the principal debtor is imposed by the contract, as in the case of a guaranty of collection. (*Northern Ins. Co.* v. *Wright*, 76 N. Y. 445.) The creditor in such case is bound to take the necessary steps to enforce payment after the debt becomes due, without notice from the guarantor. The distinction between the situation of the defendant in this case and of the surety in the case of *Pain* v. *Packard* is very broad. The relation of principal and surety never existed between the defendant and the mortgagor. Their relation was that of debtor and creditor simply. Nor were their relations changed by the conveyance by the mortgagor to Shaffer, who in the grant assumed the payment of the mortgage. But the land, after the conveyance, became in equity the primary fund for the payment of the debt, and the holder of the mortgage, with notice of the grant, could not release the land, or impair the lien of the mortgage to the prejudice of the original debtor. And in case of foreclosure, the court, having all the parties before it, would, by its decree, adjust the several obligations of the parties, according to their respective equities. (*Calvo* v. *Davies*, 73 N. Y. 211; 29 Am. Rep. 130; *Marshall* v. *Davies*, 78 N. Y. 414.) The guaranty of the defendant was not entered into for the benefit of the original debtor, but for his own benefit, subsequent to the original transaction, and

upon a new and independent consideration moving from the plaintiff. The engagement was collateral in form, but it was in substance an original undertaking, and an immediate right of action accrued thereon to the plaintiff, on the mortgage debt becoming due. (*Cardell* v. *McNiel*, 21 N. Y. 336.) It was, by the contract, the duty of the defendant to pay the mortgage when the debt matured. The neglect in the first instance was his, and he could not, we think, by notice, impose upon his assignee the duty of proceeding against the land. Assuming that in some respects he stood in the relation of a surety, " it was his business," as said by Lord ELDON, in *Wright* v. *Simpson* (6 Ves. Jr. 714), "to see whether the principal pays, and not that of the creditor." It was said by the court, in *Wells* v. *Mann* (45 N. Y. 327 ; 6 Am. Rep. 93), that "it is the right of a surety to pay the debt and prosecute the principal, and one who for value transfers the debt or security, and thereupon becomes guarantor or indorser, can protect himself against the consequences of delay in enforcing the principal obligation, and cannot by notice impose upon the creditor the duty of active diligence at the risk of discharging the surety by omitting it." The qualification of the doctrine of *Pain* v. *Packard*, stated in *Wells* v. *Mann*, was recognized in *Colgrove* v. *Tallman* (*supra*), and is, we think, well founded. The circumstances under which the guaranty was executed, do not justify the inference of an intention between the parties that the plaintiff should resort to the land before calling upon the defendant to answer his obligation, and as the right of the defendant to subrogation to the security on payment of the mortgage was perfect and unembarrassed, his remedy, if he desired to hasten the collection, was to perform his contract and proceed himself to enforce the security. This case is not, we think, governed by the doctrine of *Pain* v. *Packard*, and the judgment, so far as it relieves the defendant from liability for any deficiency which may arise on the sale of the mortgaged premises, is erroneous.

Judgment as to the defendant, Hale, reversed, and modified

by inserting a provision adjudging the defendant liable for any deficiency, and, as so modified, affirmed, with costs.

All concur, except RAPALLO, J., absent.

Judgment accordingly.