(83 App. Div. 168.)

### ALGER v. ALGER et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. GUARANTY—ASSIGNMENT OF MORTGAGE—COLLATERAL NATURE OF OBLIGATION.
   A guaranty of an indebtedness, secured by bond and mortgage executed by the debtor to the guarantor, made on the assignment of the mortgage by the guarantor to a guardian, followed the subsequent assignment of the mortgage by the guardian to his ward.

2. LIMITATIONS—CONTRACT OF GUARANTY.
   Where a guaranty provided that the amount due, with interest, should be paid six years from June 17, 1890, the statute of limitations (Code Civ. Proc. § 382) providing that actions on contract shall be brought within six years had not run until June 17, 1902.

3. GUARANTY—INDEPENDENT UNDERTAKING—EXTENSION OF TIME OF PAYMENT —EFFECT.
   Where a guaranty was not executed for the benefit of the original debtor, but for that of the guarantor, subsequent to the transaction, and upon a new and independent consideration, the agreement, though collateral in form, was in substance an original undertaking, and the guarantor was not discharged by an extension of the time of payment.

4. SAME.
   The obligation of a guarantor was not discharged by an extension for two years of the time of payment of the debt, where the guaranty, made previous to such extension, was that the debt should be paid at a period four years later than that stipulated by the extension.

5. SAME—BURDEN OF PROOF.
   The burden was on a guarantor to show that an alleged extension in some way varied or enlarged his contract.

Appeal from Special Term, Kings County.

Action by Stewart C. Alger against Henry C. Alger, in which Tjark J. Houtman and others were impleaded. From a judgment for plaintiff, defendant Alger appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Sidney H. Stuart, for appellant.
George Lawyer, for respondent.

JENKS, J. The action is to foreclose two mortgages. The defendant Henry C. Alger appeals from a part of the judgment upon the second of the said obligations. On February 4, 1887, Tjark J. Houtman and his wife executed their bond and mortgage, without time named therein for maturity, for $2,000, by reason of Mr. Alger's liability as indorser on Mr. Houtman's note for $2,000 bearing date

that day. It does not appear when the note matured, or whether it was ever extended. On June 17, 1890, Henry C. Alger, whose liability had been reduced to $1,500, assigned the bond and mortgage to William G. Alger, guardian, and also executed the following:

"I, Henry C. Alger, hereby guarantee to William G. Alger, Guardian, in consideration of Fifteen hundred dollars to me in hand paid, the receipt of which is hereby acknowledged, the payment of the amount for security of which the foregoing mortgage was given by Laura A. Houtman & Tjark J. Houtman said Fifteen hundred dollars security be paid by the bond of Tjark J. Houtman and that the said sum with interest from date of this guaranty shall be paid within six years from to-day."

It is admitted that at that time Henry C. Alger received the $1,500 from the guardian. On July 11, 1890, William G. Alger, as guardian, and Houtman agreed in writing to extend the payment of $1,500, the principal of said bond and mortgage, to May 13, 1892, with interest at 5 per cent. On May 9, 1896, William G. Alger, as guardian, assigned the said bond and mortgage to the plaintiff, his ward. The sole question presented on this appeal is whether the Special Term correctly determined that Henry C. Alger was to be liable for any deficiency on the said mortgage up to $1,500.

The guaranty followed the assignment of the bond and mortgage to the plaintiff. Stillman v. Northrup, 109 N. Y. 473, 480, et seq., 17 N. E. 379. The guarantor was not discharged by the delay of the plaintiff. The guaranty provides that the said sum of $1,500, with interest, shall be paid within six years from June 17, 1890. Therefore the statute of six years' limitation (section 382 of the Code of Civil Procedure) did not begin to run until June 17, 1896, while the guarantor was served with the summons and complaint on June 16, 1902.

It is insisted that the guarantor was discharged by the extension of July 11, 1890. I think that the principle expressed by Andrews, C. J., in Newcomb v. Hale, 90 N. Y. 326, 43 Am. Rep. 173, applies:

"The guaranty of the defendant was not entered into for the benefit of the original debtor, but for his own benefit, subsequent to the original transaction, and upon a new and independent consideration moving from the plaintiff. The engagement was collateral in form, but it was in substance an original undertaking, and an immediate right of action accrued thereon to the plaintiff on the mortgage debt coming due. Cardell v. McNiel, 21 N. Y. 336."

See, too, Thomas on Mortgages, § 225; Brandt on Suretyship & Guaranty, § 349; Moore v. Paine, 12 Wend. 123.

In McElroy v. Mumford, 128 N. Y. 303, 28 N. E. 502, the head-note reads:

"The rule which restricts the liability of sureties to the strict terms of their contract, and forbids an extension thereof by inference or implication, does not apply to a case where the instrument shows a clear intention on the part of the sureties to come under a more enlarged obligation."

In Ulster County Savings Inst. v. Young, 161 N. Y. 23, 30, 55 N. E. 483, 484, Martin, J., says:

"The liability of a surety is measured by his agreement, and is not to be extended by construction. His contract, however, is to be interpreted by the same rules which are applicable to the construction of other contracts. The extent of his obligation must be determined from the language employed

when read in the light of the circumstances surrounding the transaction. Hence, where the question is as to the interpretation and meaning of the language by which a party has bound himself, there is no difference between the contract of a surety and that of a principal or other party sustaining a different relation."

Moreover, this contention loses sight of the fact that about three weeks before the agreement of July 11th, when Henry C. Alger obtained $1,500 of the plaintiff's guardian for the assignment of the bond and mortgage, his guaranty was that the bond, and consequently the mortgage, would be paid within six years from that time, a period longer by four years than that effected by the extension of July 11th. It is only on nonpayment of the note that the bond and mortgage made by Mr. Houtman to Mr. Alger became due. This disposes of the possible contention that the bond and mortgage without date were presently due. It may well be that the time fixed for the maturity by the agreement of July 11th was relative to the maturity of the note. In any event, the guaranty was for payment within six years, and the burden was upon the defendant to show that the "extension" in some way varied or enlarged his contract. Even if the bond and mortgage became due before the expiry of that period, the guarantor was not answerable, under his contract, for the payment, until the expiration of six years.

The judgment should be affirmed, with costs. All concur.