888

■ LINCOLN ROCHESTER TRUST COMPANY, as Trustee under the Will of SAMUEL K. NESTER, Deceased, Respondent, v. SENECA HOTEL CORP. et al., Appellants.— Order and judgment unanimously affirmed, with costs. Memorandum: By the terms of appellants' indebtedness to respondent bank, appellant Rosen continued obligated thereon as principal after he assigned the security to Geneva 531 Corp., and so his defense that respondent breached its duty to him as surety fails. Moreover, appellant's assertion that respondent lulled him as surety into failing to demand that respondent foreclose falls far short of pleading fraud or misrepresentation (CPLR 3018, subd. [b]) which would release a surety (*Gindel* v. *Long Is. Nat. Bank*, 31 N Y 2d 859; *Schroeppell* v. *Shaw*, 3 N. Y. 446, 456–457). Mere leniency or inaction on the part of the creditor is insufficient to discharge the surety (*Becker* v. *Faber*, 280 I.. Y. 146; *State Bank of Lock Haven* v. *Smith*, 155 N. Y. 185, 198; *Kingsbury* v. *Westfall*, 61 N. Y. 356; *Schroeppel* v. *Shaw, supra*; 38 N. Y. Jur., Mortgages and Deeds of Trust, § 237; and see *Marshall* v. *Davies*, 78 N. Y. 414, 420–422). At all times appellant could have controlled the debt and protected himself by paying to respondent this indebtedness, which was his debt, and then proceed against his assignee, the principal debtor (*State Bank* v. *Smith*, 155 N. Y. 185, 198, *supra*). "To allow him to take advantage of any want of diligence in the defendant in collecting the bond and mortgage, under such circumstances, seems very much like allowing a man to take advantage of his own wrong. If the defendant was guilty of negligence the plaintiff was guilty of a positive omission of duty" (*Schroeppel* v. *Shaw, supra*, p. 456). "Under these circumstances, can it be said that the defendant has been guilty of any greater laches or neglect than the plaintiff himself? And if not, shall a court of equity be called into activity to relieve the plaintiff from the consequences of his own default?" (*Ibid*, p. 463). Appellant's argument that respondent's conduct lulled him into failing to demand that respondent foreclose on his indebtedness is specious. Although such right of demand in a surety exists in certain cases, it does not exist where, as here, the so-called surety remains primarily obligated on the assigned obligation (*Newcomb* v. *Hale*, 90 N. Y. 326, 331). In *Newcomb* (*supra*, p. 331), the court said, "as the right of the defendant to subrogation to the security on payment of the mortgage was perfect and unembarrassed, his remedy, if he desired to hasten the collection, was to perform his contract and proceed himself to enforce the security." (Appeal from order and judgment of Ontario Special Term granting summary judgment in action on note.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Simons, JJ.