■ JANICE A. PECK, Individually and as Administrator of the Estate of GARROW D. PECK, Deceased, Respondent, v GENESEE FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: These are cross appeals from two orders denying the motions of each party seeking summary judgment and also an appeal by defendant from that part of the order dated April 27, 1976 which denied its motion for a continuance. In view of our decision, the motion for continuance becomes academic. On July 23, 1970 Garrow Peck, plaintiff's intestate, purchased real property from Donald and Dorothy Penlon and as a part of the consideration for the purchase, assumed an existing mortgage on the premises held by defendant as mortgagee. At the time the mortgage was issued in 1967 the defendant procured life insurance on the life of Donald Penlon with the John Hancock Mutual Life Insurance Company in an amount sufficient to satisfy the mortgage principal. Plaintiff alleges that the defendant knew of the proposed transfer before it took place and in fact that its representatives met personally with plaintiff and decedent and reviewed their credit, that the defendant was notified of the transfer and that decedent received and paid monthly statements from defendant which stated the payments included $4.30 per month for life insurance. Defendant concedes receipt of these payments for over three years but claims that the bills were so formulated and the payments accepted as the result of an accounting error. It has offered to return the premiums. Plaintiff's papers reveal a triable issue as to whether an implied contract existed between the parties in view of the facts and circumstances of the case (see *Wells v Mann,* 45 NY 327). It is for the jury to infer from the documents and the conduct of the parties whether such an implied contract existed *(Grossman v Schenker,* 206 NY 466) and it is no defense for defendant that it was without authority to issue life insurance policies (see *Vought v Eastern Bldg. & Loan Assn.,* 172 NY 508, 517–518). (Appeal from order of Monroe Supreme Court— summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.