basis alone, the trial court, therefore, correctly held inapplicable stairway construction provisions contained in the State Building Code. Nor, considering the rustic setting, degree of descent and depth of the so-called treads, can it be said, as a matter of law, that the State violated any common-law standard of care in the construction of the "stepped pathway". In addition, the photographs and testimony disclose a straightaway observation of the course from top to bottom of the "stepped pathway" and negate the existence of an inherently dangerous trap upon which to premise liability. As for any negligence on the part of the State in its maintenance of the "stepped pathway", the record amply sustains the trial court's implicit finding that reasonable measures were undertaken in the sweeping of debris and cutting back of foliage, with the only evidence of moss accumulation being limited to the extreme exterior ends of the concrete risers which in no way contributed to claimant's fall. As this court recently stated in *Warren v New York State Thruway Auth.* (51 AD2d 679, 680), "The questions of fact and credibility of witnesses were properly the province of the Court of Claims and absent any determination that its findings were incorrect or contrary to the weight of evidence, its decision should not be disturbed". (Appeal from judgment of Court of Claims—negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■ JANICE A. PECK, Individually and as Administrator of the Estate of GARROW D. PECK, Deceased, Respondent, v GENESEE FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: These are cross appeals from two orders denying the motions of each party seeking summary judgment and also an appeal by defendant from that part of the order dated April 27, 1976 which denied its motion for a continuance. In view of our decision, the motion for continuance becomes academic. On July 23, 1970 Garrow Peck, plaintiff's intestate, purchased real property from Donald and Dorothy Penlon and as a part of the consideration for the purchase, assumed an existing mortgage on the premises held by defendant as mortgagee. At the time the mortgage was issued in 1967 the defendant procured life insurance on the life of Donald Penlon with the John Hancock Mutual Life Insurance Company in an amount sufficient to satisfy the mortgage principal. Plaintiff alleges that the defendant knew of the proposed transfer before it took place and in fact that its representatives met personally with plaintiff and decedent and reviewed their credit, that the defendant was notified of the transfer and that decedent received and paid monthly statements from defendant which stated the payments included $4.30 per month for life insurance. Defendant concedes receipt of these payments for over three years but claims that the bills were so formulated and the payments accepted as the result of an accounting error. It has offered to return the premiums. Plaintiff's papers reveal a triable issue as to whether an implied contract existed between the parties in view of the facts and circumstances of the case (see *Wells v Mann,* 45 NY 327). It is for the jury to infer from the documents and the conduct of the parties whether such an implied contract existed *(Grossman v Schenker,* 206 NY 466) and it is no defense for defendant that it was without authority to issue life insurance policies (see *Vought v Eastern Bldg. & Loan Assn.,* 172 NY 508, 517–518). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ JANICE A. PECK, Individually and as the Administrator of the Estate of GARROW D. PECK, Deceased, Appellant-Respondent, v GENESEE FEDERAL

SAVINGS AND LOAN ASSOCIATION, Respondent-Appellant. (Appeal No. 2.)— Order unanimously affirmed, without costs. Same memorandum as in *Peck v Genesee Fed. Sav. & Loan Assn.* (53 AD2d 1019). (Appeals from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ STATE DIVISION OF HUMAN RIGHTS Respondent, v UNIVERSITY OF ROCHESTER et al., Appellants.—Order unanimously reversed, without costs, and motion denied in accordance with the following memorandum: Appellants appeal from an order of Special Term which granted complainant's motion to enforce two subpoenas duces tecum issues by the private attorney of complainant Noble and which determined that the complaint, insofar as it charged the preferment of Mr. Hill over complainant, was not barred by the one-year period of limitation (Executive Law, § 297, subd 5). Complainant Noble is a perfusionist at Strong Memorial Hospital. She alleges that appellants unlawfully discriminated against her because of her sex by appointing one Aaron Hill to a position which she sought and for which she was qualified, that of chief perfusionist. Mr. Hill's appointment was effective January 1, 1974. The complaint filed with the State Division of Human Rights on March 3, 1975 charged that appellants had unlawfully preferred Mr. Hill and had engaged in acts of discrimination towards women employees generally. The division has not made a finding of probable cause and the matter is still in the investigative stage. The subpoenas are quashed. A private attorney may not issue a subpoena duces tecum during the investigatory stage of discrimination proceedings. There is no statutory provision in the Executive Law for the issuance of subpoenas by private attorneys, although the statute provides that the division may issue a subpoena at "any stage of any investigation or proceeding before it" and may make rules with respect thereto (Executive Law, § 295, subd 7). The division rules permit private attorneys representing complainants to issue subpoenas as provided in the CPLR (9 NYCRR 465.10). In turn, CPLR 2302 provides that an attorney may issue subpoenas in administrative proceedings. This power to issue subpoenas, however, was designed to make evidence available at a hearing on the merits. Before a determination of probable cause, the complainant may be represented by an attorney but the matter is to be investigated by the State division. Thus, the statute provides for various preliminary procedures designed to promote amicable settlements (see Executive Law, § 297) and for the dismissal of a complaint "in the unreviewable discretion" of the division if it finds that the complaint lacks substance. If the division requires preliminary information obtainable by subpoena, the statute provides it with that authority, but before the hearing stage the division should be free to work its will without interference by the complainant's private attorney, and the complainant is not permitted to use the subpoena power as a discovery device (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2302). Furthermore, the complaint, insofar as it relates to the Hill promotion, was filed more than one year after the incident and is time-barred. The statutory limitation is integral to the right of relief which the statute created. It is not a matter of defense. Unless the complainant brings the proceeding within the one-year period, she has no cause of action *(Matter of Munger v State Div. of Human Rights,* 32 AD2d 502; and see *Romano v Romano,* 19 NY2d 444, 447). The wrong is not a continuing one as Special Term held, because the promotion was a single act. *Matter of Russell Sage Coll. v State Div. of Human Rights* (45 AD2d 153, affd 36 NY2d 985), relied upon by complainant, is inapposite. In that case complainant, one of three