■ VINCENT CRISAFULLI, Respondent, v AMERIGO BATTAGLIOLI et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered October 26, 1981 in Albany County, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211. Freshy's International, Inc. (hereinafter Freshy's) leased premises at Queensbury, New York, for a restaurant. Defendant Tornato Construction, Inc. (hereinafter Tornato) was hired by Freshy's to do necessary renovations on its premises. Tornato began the work but would not complete it without payment of $120,000. Plaintiff Vincent Crisafulli and defendant Amerigo Battaglioli, general manager of Tornato, agreed that plaintiff would borrow $120,000 and loan it to Freshy's. This amount was borrowed on June 15, 1979 from Bankers Trust Company. Crisafulli Bros. Italian Grocers (hereinafter Crisafulli Bros.) was maker on the note. Plaintiff signed the note individually and as an indorser. Crisafulli Bros. then issued a check for $120,000 payable to plaintiff personally who indorsed it over payable to Freshy's. Freshy's then paid $120,000 to Tornato so that the renovation work could be completed. Also on June 15, 1979, defendants Battaglioli and Tornato signed a guarantee wherein they

acknowledged that plaintiff had borrowed $120,000 at their request from Bankers Trust and had made a loan to Freshy's. Both defendants "guaranteed" payment of the principal and interest including renewals and agreed to be bound by all terms and conditions of any instrument plaintiff was required to sign to obtain the loan. The "guarantee" was also signed by Freshy's, its president Michael Davis and Davis' wife, Cornelia. When the note became due on September 15, 1979, plaintiff made demand on the signatories for payment. Freshy's paid the interest until May 18, 1980 after which it defaulted. Plaintiff paid the interest from June 17, 1980 until June 22, 1981. He then paid the entire principal of $120,000 plus interest of $16,228.34. Defendants refused repeated demands for payment and plaintiff commenced this action to enforce the guarantee. Special Term denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 wherein defendants asserted a defense based on documentary evidence, the cause of action was barred by the Statute of Frauds and the complaint failed to state a cause of action. This appeal ensued. The parties dispute what obligation the instrument covers, plaintiff's obligation to the bank or Freshy's, and what the relationship between the parties is. With respect to the obligation covered, the instrument clearly states that the signatories "guarantee" payment of the "aforementioned note". The only note mentioned in the agreement is plaintiff's note to the bank. Clearly, then, the obligation that is the subject of the agreement is plaintiff's obligation to the bank. With respect to the relationship between the parties, the document is ambiguous. The court then may consider the surrounding facts and circumstances in order to ascertain the intent of the parties (see *67 Wall St. Co. v Franklin Nat. Bank*, 37 NY2d 245, 248-249). Construing the facts in favor of plaintiff on this motion to dismiss, it appears that defendants had agreed to assume plaintiff's obligation to the bank. Defendants in this case then, by promising to pay plaintiff's debt to the bank, became the principal debtors on the obligation and plaintiff became the surety (see *Trotter v Hughes,* 12 NY 74, 79; *Lincoln Rochester Trust Co. v Seneca Hotel Corp.,* 41 AD2d 888). Accepting the above version of the transaction, defendants argue that they are not bound to pay on the obligation since they agreed to pay plaintiff's personal note to the bank, not the note of plaintiff's corporation, Crisafulli Bros. However, although it is true the instrument under review refers to plaintiff's personal note to the bank, the document also contains language broad enough, if it is found that plaintiff was required to borrow the money via the corporation, to cover the corporate note which plaintiff signed in his corporate and in his individual capacity as an indorser. The pertinent language reads as follows: "That, in addition, we agree to be bound by all the terms and conditions of the note or notes or the terms of any other instrument that said Vincent Crisafulli may be required to sign for the Bankers Trust Company in connection with the loan made by him as aforesaid." Special Term correctly denied defendants' motion to dismiss the complaint. Its order, therefore, should be affirmed. Order affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.