STEPHEN D. MARSHALL et al., as Executors, etc., Appellants, v. THOMAS A. DAVIES, Respondent.

Upon the trial of an action, a party holding the affirmative of an issue is bound to introduce all the evidence upon his side before he closes; having rested, and the opposite side having closed, it is entirely in the discretion of the court whether to allow said party to introduce new evidence to maintain the issue, or to re-examine a witness on his part as to transactions previously testified to.

Where a party, as a witness to sustain an issue as to which he has the affirmative, testifies to one conversation, which is denied on the other side, he is not entitled, as a matter of right, to prove another as to which he has not previously testified, even though it tends to support his original statement.

A mortgagee out of possession holding a mortgage upon real estate given to secure the bond of the mortgagor, in the absence of notice of any change in the position of the latter, and of any request to foreclose, may rely upon the personal liability of his debtor, and is not bound to look after or protect the mortgaged premises.

If the mortgagee forecloses the mortgage, the debtor is entitled to credit only for the net proceeds of sale realized by his creditor, after the deduction of all liens for taxes, etc., and remains liable for any deficiency.

Accordingly held, where D., who had executed a mortgage upon certain premises to secure his bond, conveyed the premises subject to the mortgage, which the grantee assumed to pay, and the premises, after the

sale and after the maturity of the mortgage, became incumbered by taxes and assessments, that in the absence of notice to the mortgagee, and a request to foreclose, D. was liable, in an action to foreclose the mortgage, for a deficiency, in ascertaining which the amount of said incumbrances was deducted from the proceeds of sale.

As to whether, in such case, a notice to the mortgagee, and request, after the mortgage is due, to foreclose, will avail to impose upon him, in case of his non-compliance with the request, the damages resulting from an impairment of the security, or whether the mortgagor has any remedy except to protect himself by paying his bond and becoming subrogated to the rights of the mortgagee, *quære.*

*Marshall* v. *Davies* (16 Hun, 606), reversed.

(Argued September 18, 1879; decided November 11, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 16 Hun, 606.)

This was an action to foreclose a mortgage executed by defendant Davies to plaintiff to secure the payment of the bond of Davies.

The bond and mortgage were given February 1, 1871, for $16,000, payable February 1, 1874. On the 3d day of October, 1871, Davies conveyed the mortgaged premises to defendant Leslie, who assumed the payment of such mortgage. In October, 1872, Leslie conveyed the premises to defendant Cornen, who assumed the payment of mortgage. The court found the following facts: That the fact of the conveyances of the mortgaged premises was known to the plaintiffs and to their agents, Messrs. Miller & Peckham, at or before the time of the maturity of the bond and mortgage; that the mortgaged premises, during the years 1874 and 1875, were worth more than $25,000; that the defendant Cornen was in active business in the city of New York during the years 1874 and 1875, and in solvent circumstances, and that he paid to Miller & Peckham, agents for the plaintiff, the interest on the bond and mortgage, semi-annually, during the years

1874, 1875 and 1876, up to and including the interest which became due on 1st of June, 1876 ; that no demand for principal or interest on the mortgage debt was made of the defendant Davies after October, 1871, until about the 6th of January, 1877 ; that Davies had no knowledge that this mortgage had not been satisfied at maturity until that date ; that he never in any way consented to any extension of time of payment of the mortgage, or indulgence in time of such payment ; that no demand for payment of the principal of this bond and mortgage was made of any one, until about the time of the commencement of this action, in January, 1877 ; that since the maturity of this mortgage there have been imposed upon the mortgaged premises taxes and assessments, which by law are liens superior to the mortgage, to the amount of $2,741.04. The court also found that defendant Davies did not request the plaintiff Miller to collect the money upon the bond and mortgage when it became due, nor did he request that the mortgage should be foreclosed. The court decided that Davies was liable for any deficiency arising upon the sale of the premises upon such foreclosure; and that in determining the amount of such deficiency, there must be deducted from the sum due for principal and interest upon such bond and mortgage, with the costs of the action, and the said taxes and assessments, the amount for which the premises sold, and the balance would constitute the deficiency which Davies would be required to pay. A deficiency ascertained upon this basis, to the amount of $5,795.75 arose, and, by the order of the court, judgment was docketed against said Davies for that amount.

Upon the trial, the defendant Davies testified, that in the year 1871, and after he had conveyed the premises to Leslie, he called at the office of Miller, the plaintiff, and "asked him to collect the interest of Mr. Leslie, and also the principal sum when it became due ; and if he did not pay it, to foreclose the mortgage at once ; Mr. Miller assented to that proposition."

Mr. Miller was examined as a witness, and denied that any such request was made to him by Mr. Davies.

After the examination of Miller, Davies was recalled, and the following question was asked : "Did you have any conversation with Miller during the years 1870 or 1871, at his office ?" This was objected to on the ground that the witness had given his testimony, the objection was sustained and exception duly taken.

*Wheeler H. Peckham,* for appellants. No error was committed by the trial court in the admission or rejection of evidence. (*Clark* v. *Donaldson,* 49 How. Pr., 63; *People* v. *R. R. Co.,* 29 N. Y., 431; 1 Otto, 614.) The trial court did not err in directing the referee to deduct from the proceeds of sale the prior incumbrances for taxes and assessments and to pay over the balance only to plaintiffs. (*Clark* v. *Sickler,* 64 N. Y.. 231: *Williams* v. *Townsend,* 31 id., 411.)

*Samuel Hand,* for respondent. The order granting a new trial on the ground of the excluding of Davies' evidence was right. (*Calvo* v. *Davies,* 73 N. Y., 211; *Colgrove* v. *Tallman,* 67 id., 95; *Ducker* v. *Rapp,* 67 id., 464; *Northern Ins. Co.* v. *Wright,* 13 Hun, 166; affirmed, Court of Appeals; *Godfrey* v. *Moser,* 66 N. Y., 250; *Weyer* v. *Beach,* 14 Hun, 231; *Finch* v. *Parker,* 49 N. Y., 1; 1 Phillips on Ev.; Cowen, Hill and Edwards' Notes, 713; *Johnson* v. *Scribner,* 6 Conn., 185; *Woodcock* v. *Bennett,* 1 Cow., 711, 747, 752; 1 Starkie on Ev., 515; *Stillwell* v. *Carpenter,* 2 Abb., N. C., 254, FOLGER, J; *Hoyt* v. *Thompsons Exr.,* 19 N. Y., 207; *Macy* v. *Wheeler,* 30 id., 231; *Barrett* v. *Third Ave. R. R. Co.,* 45 id., 628; *Mercer* v. *Sayre,* 7 Johns., 306.) The taxes and assessments accumulating after the maturity of the mortgage the respondent was not liable for. (*Rundel* v. *Lakey,* 40 N. Y., 513; Laws 1813, ch. 86, §§ 175, 186; *Colgate* v. *Mayor, etc.,* 12 N. Y., 140; 1 Edmunds' R. Stat., 360; *McKechine* v. *Ward,* 58 N. Y., 541; *Super-*

*visors* v. *Otis*, 62 id., 88; *Clark* v. *Sickler*, 64 id., 231; *Wulff* v. *Jay*, 7 L. R. [Q. B.], 756; *Strange* v. *Fooks*, 4 Gifford, 408; *Ramsey* v. *Westmoreland Bk.*, 2. Pen. & W., 203; *Gillespie* v. *Darwin*, 5 Heisck [Tenn.], 21; *Hay* v. *Little*, 52 Ga., 555; *Miller* v. *Berkey*, 27 Penn., 317; *Steele* v. *Manning*, 24 Ala., 285; *City Bank* v. *Young*, 42 N. H., 457; *Watts* v. *Shuttleworth*, 7 H. & N., 353; 5 H. & N., 235; *Saulet* v. *Trepagnier*, 2 La. An., 527; Code Napoleon [translated 1841], § 2037.)

Rapallo, J. As the order of the General Term does not state that the reversal was on any question of fact, it cannot be sustained unless it be made to appear that some error of law was committed by the trial judge. The case came before the General Term on appeal from the judgment, and exceptions, only, and it had no discretionary power to order a new trial in the absence of legal error.

The only exception to rulings at the trial, which has been argued, is that taken by the defendant to the exclusion of the question to him, on his being recalled after the plaintiff had rested, whether he had had conversations with Mr. Miller in 1870 or 1871, at his office.

The question of fact at issue was whether the defendant had notified Mr. Miller of the sale of the mortgaged premises to Leslie, and had requested Miller to proceed to collect the amount which might become due upon the mortgage at maturity. The defendant Davies, who had the affirmative of that issue, testified in his own behalf that he sold the property to Leslie in October, 1871, and that at about the time the first or second installment of interest on the mortgage became due, after the sale, he went to Miller's office and there told him that he had sold the property to Leslie, who had assumed the payment of the mortgage, and asked Miller to collect the interest of Leslie, and also the principal when it became due, and if he did not pay it to foreclose the mortgage at once, and that Miller assented to that proposition, and that from the time of that interview until the

6th of January, 1877, he thought he had no further interview with Miller or the plaintiffs.

Miller being called on the part of the plaintiffs testified positively that no conversation of that kind ever took place. On cross-examination he was asked whether he had any conversation at all with the defendant Davies in 1870 or 1871, and he answered none that he remembered ; that he might have had conversations that he did not recollect, but none of the nature testified to by the defendant.

After the plaintiffs had rested, the defendant Davies was recalled and asked whether he had had any conversation with Mr. Miller during the years 1870 or 1871, at his office. This question being objected to on the ground that the witness had already testified, was excluded, and exception taken.

The witness was then permitted to assert the positiveness of his recollection of the conversation to which he had already testified and to state the circumstances which enabled him to be positive.

We cannot discover any legal error in the ruling excepted to. The court went further than strict rules required it to go, in permitting the defendant to be re-examined as to his original statement. This however was purely discretionary. If the question which was excluded was intended to refer to this conversation, the exception is groundless. If the question related to any other conversation the exception is equally without foundation. Unless the conversation sought to be proved was material and tended to maintain the issue on the part of the defendant, it was irrelevant. If it was material, then it was entirely within the discretion of the court whether or not to permit the inquiry. The defendant had been examined in support of his allegation of notice and request to foreclose. He had testified to a conversation with Mr. Miller upon which he relied, and that he thought there was none subsequent. Having rested his case, and the plaintiff having closed his testimony, the defendant had no legal right to re-open his own case and introduce evi-

dence to sustain his defense, which he might have introduced when the case was with him. No rule for the conduct of trials is more familiar than that the party holding the affirmative is bound to introduce all the evidence on his side before he closes. (*Hastings* v. *Palmer*, 20 Wend., 225.) He must exhaust all his testimony in support of the issue on his side, before the testimony on the opposite side has been heard. (*Ford* v. *Niles*, 1 Hill, 301; *Rex* v. *Stimpson*, 2 Carr & P., 415.) He can afterwards introduce evidence in rebuttal only. Rebutting evidence in such cases means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove. (*Silverman* v. *Foreman*, 3 E. D. Smith, 322; 2 Carr & P., 416.) In the present case, after having testified to one conversation, which was denied on the other side, the defendant was not entitled as matter of right to prove another as to which he had not previously testified, even though it tended to support his original statement. This was not evidence in rebuttal. The testimony on the part of the plaintiff was that other conversations might have been had, but that no conversation of the nature testified to by the defendant ever took place. This was a mere denial, and not proof of any affirmative fact which the defendant had the right to rebut. These rules may in special cases be departed from in the discretion of the trial judge, but a refusal to depart from them is no ground of exception.

The findings of fact of the trial judge disclose no error in his conclusions of law. He finds no notice to the mortgagees of the conveyance from Davies to Leslie, and no request to the plaintiffs to foreclose, and there is no uncontroverted evidence in the case which required him to find those facts.

Whether, if they had been found, the defendant would have been entitled to judgment, we do not now decide. But clearly, in the absence of those facts, the defense cannot be sustained. As between the plaintiffs and the defendant

Davies; he was the principal debtor, and the plaintiffs were not bound to look after the taxes on the mortgaged premises. We have held that where the mortgagor conveys to a third party, who assumes the mortgage, the relation of principal and surety arises between the mortgagor and his vendee; and that after notice of this relation, the mortgagee is bound to observe it and abstain from doing any act to the prejudice of the mortgagor, or which would impair his recourse against the mortgaged premises in case he should be obliged to pay his bond and be subrogated to the mortgage. The mortgagee in such a case, after notice, cannot with impunity release the land, or extend the time of payment, or do any other act to the prejudice of the mortgagor ; and the prohibited acts are determined by the law of principal and surety. (*Calvo* v. *Davies*, 73 N. Y., 215.) But the actual relation of debtor and creditor between the mortgagor and mortgagee cannot be destroyed by any act of the mortgagor alone, where the mortgage is given to secure the bond of the mortgagor. The courts have gone no further than to hold that, in cases like the present, the relation of creditor and principal debtor is so far affected that the mortgagee is bound, after notice of the equitable rights of the mortgagor as between himself and his vendee, to respect them, and do no act to their prejudice ; and when he forecloses, the equities of the mortgagee will be protected in the order of sale. But the mortgagee may sue upon the bond in the first instance, notwithstanding the transfer of the land. This has often been decided. In *Marsh* v. *Pike* (10 Paige, 595) it was held that where a vendee of the mortgaged premises had assumed the payment of the mortgage, the mortgagor could not compel his creditor to foreclose, when there was no good reason why he did not pay his bond according to his agreement, and take an assignment of the bond and mortgage, and proceed against the land and the subsequent grantees thereof, for his indemnity; and that he could also proceed in equity to compel such grantees, as to whom he stood in the situation of a mere surety, to discharge the

debt, for his protection. The defendant Davies having no right to compel the plaintiffs to foreclose the mortgage, it is questionable whether a request to do so would have been of any avail. His request to collect the debt might have been answered by bringing an action against him on his bond; and the necessity of this he could have obviated by voluntarily paying it and being subrogated to the rights of the mortgagee. It is, to say the least, doubtful whether a mortgagor thus situated has any remedy except to protect himself by watching the security; and if he finds that it is becoming impaired by lapse of time and the accumulation of interest and taxes, to take the steps pointed out in *Marsh v. Pike, supra.*

It is very clear however that, in the absence of notice of any change in the position of the mortgagor, and of any request to foreclose, a mortgagee out of possession may rely upon the personal liability of his debtor, and is not bound to look after or protect the mortgaged premises; and that if he forecloses the mortgage, the debtor is entitled to credit only for the net proceeds of sale realized by his creditor, after the deduction of all liens for taxes, etc., and remains liable for the deficiency. In the numerous foreclosures which have taken place in this State since the organization of the Court of Chancery, no claim to the contrary appears ever to have been made, and we can perceive no foundation upon which such a claim can rest.

The order of the General Term should be reversed, and the judgment at Special Term affirmed, with costs.

All concur.

Order reversed and judgment affirmed.