CLEMENS KNALLAKAN, RESPONDENT, *v.* JACOB J. BECK, APPELLANT.

*Action for wages, on a contract which fixes the amount of compensation to be paid —*
*evidence as to the market value of the services rendered, is admissible.*

In an action, brought to recover wages for services rendered by the plaintiff as a
carriage and sleigh maker, it was alleged in the complaint that by an agreement
between the parties the plaintiff was to receive four dollars a week and board.
The defendant claimed that by such agreement the plaintiff was to receive two
dollars a week and board.

After evidence had been given by both parties in relation to what the agreement
was, a witness called by the plaintiff, who had testified that he knew what the
services of a wood-worker engaged in that trade was, was asked and allowed,
against the defendant's objection, to answer the question, " In Taberg, May 26,
1883, what was the fair market value for the services of a man who had learned
a trade and worked at wagon making there in that shop?"

*Held,* that the evidence was properly admitted, as bearing upon the probability
of the truth of the plaintiff's position, as to the terms of the agreement.

APPEAL from a judgment, entered in Oneida county upon a
verdict for $102.04 rendered in the County Court of that county.

The action was brought by the plaintiff to recover wages from the
defendant from May, 1883, to March, 1886, " as carriage and sleigh-
maker, and as general workman, under an alleged specific agreement
for such labor and services made with defendant, by the terms of
which agreement defendant promised and agreed to with plaintiff to
pay plaintiff four dollars per week besides his board and washing."
Defendant's answer contained a general denial, and also set up pay-
ment and a counter-claim. Plaintiff recovered fifty-two dollars as
a verdict in a Justice's Court. Defendant appealed and a new trial
was had in the County Court.

*Nock, Briggs & O. P. Backus,* for the appellant.

*D. E. Powers,* for the respondent.

HARDIN, P. J.:

Plaintiff put in evidence and rested. Defendant put in evidence
and rested. That evidence on either side related to what the agree-
ment was between the parties. Plaintiff maintained it was four
dollars per week and board, and defendant claimed two dollars per

week and board. Thereupon, plaintiff called as a witness one Nolan, who was a laborer and worked at defendant's shop when plaintiff was there, and who testified that he "know what the services of a wood workman engaged in that trade was worth." He was then asked — "In Taberg, May 26, 1883, what was the fair market-value for the services of a man who had learned his trade and worked at wagon-making there in that shop?" This was objected to as improper and immaterial, and no foundation laid for the evidence; and that this is an action brought upon a specific contract, and that evidence of this character decidedly was inadmissable under the pleadings."

The court overruled the objection and stated viz: "I allow the evidence not to fix or govern the price, not for the purpose of establishing the price, only as a circumstance going to the probability of what the contract was between the two parties." Defendant excepted. Later on the court held that the witness "cannot give what the services of either himself or the plaintiff were worth," upon the motion of defendant, and then allowed the witness to state what the services of a mechanic were worth to do "that sort of work" which the evidence showed the plaintiff had been engaged in, and the defendant again objected and excepted. Defendant took no objection that the evidence had been closed, and that plaintiff was reopening the case. He cannot now be heard to say that the court abused its discretion in that regard, he must be confined to the objections stated and taken when the rulings complained of were made.

In *Marshall* v. *Davies* (78 N. Y. 419), referred to by appellant, the objection was taken "that the witness had already testified," and the court sustained that objection, and it was held that no error was committed. If the defendant had taken a similar or the equivalent objection, *non constat*, the court would have sustained it. It is now too late for the first time to raise such an objection. Was the evidence admissible? If the complaint had averred "that the services were worth the agreed price" *Cornish* v. *Graff* (36 Hun, 164), would be exactly in point. The complaint was framed in a Justice's Court and must be liberally construed. It does aver that "said balance of $106, is justly due and owing plaintiff from defendant." That allegation

could not be true unless the agreement was as plaintiff claimed it to be. The trial judge in his ruling as well as in his charge received and dealt with the evidence of the value of plaintiff's services as bearing upon the probability of the truth of the plaintiff's position that the agreement was for four dollars per week, and not as defendant stated it at two dollars per week. For such purpose *Cornish* v. *Graff* (*supra*) seems to be an authority, and *Sturgis* v. *Hendricks* (51 N. Y., 635) seems also to be in point. When there is such a conflict of the parties as their evidence presented, it is said by Abbott's Trial Evidence (page 368), the usual price is competent as bearing upon the probable truth of the allegation of rate agreed. *Trimble* v. *Stillwell* (4 E. D. Smith, 512), cited by appellant does not aid him, as in that case the special contract was admitted by the pleadings, and the court therefore held the parties were confined to the contract price, and could not resort to evidence of the value of the labor. These views lead us to sustain the verdict and judgment.

The judgment should be affirmed, with costs.

Judgment and order affirmed, with costs.