Hardin, P. J., (after stating the facts as above.)
Inasmuch as there is no certificate in the appeal-book that the case contains all the evidence given upon the trial before the referee, this court will not review the findings of fact made by the referee. Griffiths v. Phelps, 21 Wkly. Dig. 390; Spence v, •Chambers, 39 Hun, 195; Porter v. Smith, 35 Hun, 118; Graff v. Boss, 47 Hun, 152. We must therefore assume that the facts were sufficient to uphold the findings of fact made by the referee. There is no exception to his conclusion of law stated in his report. There is, therefore, nothing for us to review •except the rulings by the referee, made upon the trial.
11 The plaintiff, to maintain his case, was sworn as a witness, and testified, in substance, to the arrangement that was entered into between him and the ■defendant in respect to his services; and after referring to a bill of particulars which he said “represents the work that the defendant was and is, indebted to me for, giving the items and amounts as reported to me by them,” he added: “My contract with the defendant was simply this: The work was to'be performed, and labor to be paid for, through the office. The contract was made with White, and afterwards, in 1887, with Mr. Hardie, in which the whole ■contract was modified, but price per piece remained the same.” He also said: “The discounts were to be:. On each engine, up to five, which should leave the works between pay-days, there was to be no discount; on each additional engine over five, and up to twelve, there should be three per cent, per engine discount. ” After the plaintiff had given his version of the arrangement existing between him and the defendant, the defendant took the case, and Mr. Striker was sworn in its behalf, and he gave testimony somewhat in conflict with that of the plaintiff in respect to the understanding as to the discounts, and he added that Mr. Hardie, who was superintendent of the defendant, “ was authorized to make the contract.” He also testified that the plaintiff and he had held a conversation, and that the plaintiff in that conversation claimed “there should be no discount. I claimed that the discounts should be taken out. * * * I said it was not a question of how many engines sent out,' but how much work he had done. Mr. Fell had, so far as his work was concerned, finished five engines during the three weeks preceding the time he left defendant’s employ.” He also testified: “The defendant ratified the scale of discounts named in ‘ Exhibit Humber 2,’ and authorized Hardie to make a contract with Fell, in accordance with them. That is all I recollect. The talk with Mr. Hardie, about allowing discounts for calendar months, was a little later, and was no part of the original contract. The agreement has been treated by both parties that the settlements should be every pay month, instead of calendar month.” After the defendant had given some further testimony tending to support its theory of the contract, it rested, and the plaintiff took the case, and called to the stand as a witness Robert Hardie, who was superintendent of the defendant’s works from April, 1886, to June, 1887, and by him the plaintiff proposed to prove the conversation held between him and the plaintiff, which formed the contract between the defendant and the plaintiff. To that conversation the defendant objected as incompetent, irrelevant, immaterial; and (2) as reopening the plaintiff’s case, and not rebutting testimony. The court overruled the objection. The defendant took an exception. It is now urged in behalf of the defendant that the exception presents a fatal error. . We do not think so. We think that the testimony given by Hardie tended to rebut or contradict some of the testimony given by the defendant upon the issues involved between the parties. The testimony was therefore competent, and material and relevant. Doubtless the testimony of Hardie might have been received while plaintiff was giving his affirmative testimony to make out his claim or cause of action. Our attention is called to the rule which requires all the testimony in support of the issue on the plaintiff’s side to be given before he has rested; and Marshall v. Davies, 78 N. Y. 420, is cited for the rule. That case, as well as numerous others, *383 holds that the rule has exceptions to it. In the ease just cited, Rapallo, J., •says: “These rules may, in special cases, be departed from in the discretion' •of the trial judge, but a refusal to depart from them is no ground of exception.” Our attention is called to Knallakan v. Beck, 47 Hun, 118. There “defendant took no objection that the evidence had been closed, and that plaintiff was reopening the case.” We there held that the defendant could not be heard to say “that the court abused its discretion in that regard. He must be confined to the objections stated and taken when the rulings complained of were made.” Nothing in that case is said or intimated to the effect that the question whether the case should be reopened or not was not one for the discretion of the trial judge or referee. That discretion, when exer•cised, is controlling, and will not be disturbed unless the appellate court is • clearly of the opinion that there has been an abuse of the discretion. We are not able to say that the referee abused his discretion in receiving the testi•rnony of Hardie. On tiie contrary, we think a portion of Hardie’s testimony was entirely competent by way of rebuttal of the facts which the defendant had, produced upon the issue, and, so far as it was not a rebuttal, it was affirmative testimony. There was no error or abuse of discretion committed ’by the referee in receiving it at that stage of the case when it was offered. Agate v. Morrison, 84 N. Y. 672. In Delafield v. De Grauw, 9 Bosw. 2, it •was held: “At the close of the trial it is in the discretion of the referee whether he will allow depositions to be read as to matters which should be proved by a plaintiff or defendant before he rests, and his refusal to allow it is not matter of exception.” If the defendant was taken by surprise by the permission given to call Hardie as a witness, and needed further testimony, an application for an adjournment might have been made to the referee, and it must be assumed that he would have allowed proper latitude to the defend- • ant in order to meet the testimony given by the witness Hardie.
2. Nor do we think it was error to permit the witness Hardie to state that he had reported the terms of the contract made with the plaintiff to Mr. Striker. The witness liad just stated the terms of the contract, and the important inquiry was whether information thereof was communicated to Mr. Striker, an officer of the defendant.
3. Nor do we think it was error to allow the witness to state that “Mr. Striker asked me if the word • month ’ was to mean calendar month. I said, ‘No, it was to be four weeks, or a pay month.’ I told him that was the understanding between Fell and I, and I refused to open negotiations with Fell.” We think the exceptions taken during the progress of the trial present no error calling for an interference with the conclusion reached by the referee.
Judgment affirmed, with costs. All concur.