AUGUST RESECH, Respondent, *v*. COLUMBIA MACHINE WORKS AND MALLEABLE IRON COMPANY, Appellant.

Second Department, February 16, 1917.

Evidence — negligence — admissibility of statements of officer of defendant made after accident — when direction to disregard erroneous testimony does not cure error — rebutting evidence defined — objection to evidence in rebuttal — motion to strike out.

In an action for personal injuries alleged to have been caused by the defendant's negligence, proof of what the defendant's vice-president and superintendent said after the accident with reference to its liability therefor is inadmissible.

A direction by the court to the jury to disregard such proof does not obviate the error, where the testimony neither crept in nor was inciden-

tal to other testimony nor was given without the direct, positive, timely objection of the defendant.

Rebutting evidence means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove.

Where an objection that the question is not proper rebuttal is sufficiently specific, the attorney asking the question must establish his right.

Where a question calling for inadmissible evidence has been answered, a motion should be made to strike the answer out, and it is error to sustain an objection and deny a motion to strike out.

APPEAL by the defendant, Columbia Machine Works and Malleable Iron Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of June, 1916, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*E. Clyde Sherwood* [*Amos H. Stephens* with him on the brief], for the appellant.

*Don R. Almy* [*William S. Evans* and *William Godnick* with him on the brief], for the respondent.

JENKS, P. J.:

The defendant's employment of Howell to dig a pit at its place of business required his construction of brick walls. The plaintiff, when in the employ of Howell and at work in the pit, but not upon the wall, was injured by the collapse of one of the walls. He sued for negligence and gained a verdict at Trial Term. One of the assignments of negligence is the thinness of the walls, which were built according to a plan alleged to have been furnished by the defendant that was in violation of law. Howell was called as a witness by the plaintiff. At the close of defendant's proof, Howell was recalled "in rebuttal," and was asked: "After this accident occurred, what was the first thing, or about the first thing, that Mr. Smith said to you?" This was objected to as not proper rebuttal. The objection was overruled, and an exception was taken. Howell was permitted to answer: "After I returned from the hospital, after

taking the man that was hurt there, I came back and Mr. Smith says, 'We have got to get this thing built up again.' He says, 'Now, come up in the office and we will draw up a new contract to build this, and we will build it with heavier walls.' "

I think that the exception was well taken. Mr. Smith, who was the vice-president and superintendent of the defendant, had been called as a witness by the defendant. Proof of what he said after the accident with reference to the possible liability of the defendant for the casualty was not admissible. (*Cobb v. United Engineering, etc., Co.,* 191 N. Y. 475.)

The learned counsel for the respondent argues that Howell's testimony as to Smith's declarations was admissible because defendant, over plaintiff's objection and exception, sought to prove, and gave testimony as to a conversation with Howell after the accident, whereby Howell admitted that it was his negligence that caused the collapse of the wall. And counsel calls to our attention parts of the record to sustain this contention. The first reference is to the testimony of the witness Cramer, general foreman of the defendant. Cramer testifies that after the accident, "He [Howell] called me down. He said the walls caved in, and I says to Mr. Howell— I says, 'Howell,' I says, 'what are you going to do?' 'Oh,' he says to me, 'undermine it.' " Motion to strike out was made, but was denied. Without approval of that ruling we can say that the question, "what are you going to do," refers to future action, and that the answer "undermine it," does not necessarily nor apparently refer to past action. Later on, without objection or exception, Cramer was permitted to testify, " ' I told you all along  *  *  *  to do better work.' He says it was all right and he guaranteed it, and he gave me the mortar." The second reference is to the testimony of Smith himself when, on direct examination, he testifies that he had a conversation after the accident. We do find that Smith did testify that he had a conversation with Howell after "it [the wall] caved in." But when he is asked, "Q. What did Howell say?" the counsel for the plaintiff objected, then withdrew the objection, whereupon the counsel for the defendant withdrew the question in that form, and all that was elicited

finally is that Smith had one conversation with Howell the " day before " or the day " previous." Even such conversation that had, if any, but the remotest bearing on this case, was stricken out.

On rebuttal Howell, without objection, had been permitted, before this question under consideration was asked, to testify that after the accident occurred he never said to Smith or to Cramer or to any one that the man in the pit had undermined the wall and that that had caused it to fall, and that his men did not undermine the wall. Rebutting evidence "means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove." (*Marshall* v. *Davies,* 78 N. Y. 420, citing, *inter alia, Silverman* v. *Foreman,* 3 E. D. Smith, 322.) The objection that the question was not proper rebuttal was sufficiently specific, and if the counsel was of opinion that he could rely upon the second of the three rules discussed by Wigmore on Evidence, section 15, he was called upon to show his right. He attempted to do so by the statement that Smith had said that " he expressed the thought that it was Howell's fault that the wall broke down, and that it was due to the mortar." But when we turn to the record we find that on counsel's cross-examination of Smith he asked: " Q. And when that wall collapsed, you thought that it was all due to the rotten way that Howell had done the work? A. I didn't say that. Q. Did you think so at that time? A. I did. Q. You did then, didn't you? A. I did." Smith never " expressed " the thought, that is, he had never said this to Howell nor to any other man. This justification, stated on the trial, is not attempted on this appeal.

After the question was answered, the counsel for the defendant objected and moved to strike it out. The learned court sustained the objection, which was error, and denied the motion to strike out, which was error. (*Link* v. *Sheldon,* 136 N. Y. 9.) The learned court, after such disposition, proceeded to say to the jury: " The jury are asked to disregard the statement as to what Mr. Smith said about what other walls would be built, and they are directed to disregard what Mr. Smith said

about whether or not he would rebuild the wall or how he would rebuild it, or whether he would rebuild it stronger or weaker than it was before." I think, however, that the initial error should not be held negligible on account of this disposition, on the application of the doctrine of *Gall* v. *Gall* (114 N. Y. 109) and *Holmes* v. *Moffat* (120 id. 159) and like cases. In *Gall* v. *Gall* (*supra*) the trial judge struck out the evidence of its own motion, and the court, in disposition of the question, said that, "Even when great care is used upon a trial, incompetent evidence will occasionally creep in. A witness may make a voluntary statement, or an answer that is not responsive, or the trial judge may admit something the exact bearing of which he fails at the moment to perceive," and then concludes that a rule that could not remedy such an error, but would require the court to stop in the midst of a long trial and to discharge the jury, would be of great public inconvenience. The court in *Holmes* v. *Moffat* (*supra*) indulges in like considerations, speaks of the embarrassments that not infrequently confront a trial judge, that he may occasionally find that evidence had been admitted which would not have been if his attention had been called sharply to it. "The omission of counsel to do so may have been induced by doubt as to the correctness of his position, or because he did not, at the time, regard it important, or, as sometimes happens, because he deemed it more desirable to secure an exception than to exclude the evidence. And the question, then, as now presented is, has the court the power to save the parties from the consequences which must flow from the error if not corrected? It is now settled that if the mistake be immediately discovered and the evidence promptly stricken out, the error will be deemed cured and the exception to its admission deprived of all potency. (*Gall* v. *Gall*, 114 N. Y. 109.)" It seems to me that the reason for this rule has no play in this case. The learned and able counsel for the defendant knew full well that the declarations of Smith subsequent to the accident were not admissible, for he had invoked the principle in this very trial. This testimony of Howell as to Smith's declarations neither crept in nor was incidental to other testimony, nor was given without the direct, positive, timely objection of the defendant.

I think that the error should not be disregarded nor glossed over, but that, without consideration of the other features of the case, a new trial should be granted.

STAPLETON, MILLS and RICH, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.