THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAUD SMITH, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Judicial Department, November 6, 1924.

Crimes — vagrancy — defendant convicted of violation of Code of Criminal Procedure, § 887, for knowingly permitting her premises to be used for purposes of lewdness, prostitution or assignation — evidence sufficient to sustain charge in information — statement as to defendant's prior arrest, stricken from record, not prejudicial error — fact that trial magistrate, in exercise of discretion, allowed prosecution to reopen case does not warrant reversal of judgment of conviction, though practice should not be encouraged — judgment affirmed.

A judgment of conviction in a City Magistrate's Court adjudging the defendant guilty of the crime of vagrancy in that she knowingly permitted her premises to be used for purposes of lewdness, prostitution or assignation in violation of section 887 of the Code of Criminal Procedure, should be affirmed, since the evidence adduced before the trial magistrate is sufficient to sustain the charge in the information.

The production before the jury of a rubber bag, referred to in the police testimony, and a statement concerning defendant's prior arrest, though stricken from the record, did not constitute reversible error.

The fact that the trial magistrate, in the exercise of his discretion, allowed the prosecution to reopen its case does not warrant a reversal of defendant's conviction on the ground of prejudicial error, though the practice should not be encouraged.

APPEAL from a judgment of conviction had in a City Magistrate's Court, Ninth District, Borough of Manhattan, on May 21, 1924, adjudging the defendant guilty of vagrancy and from the sentence of thirty days in the workhouse.

Court of Special Sessions, City of New York, November, 1924.　[Vol. 124

*Kronfeld & Neuwirth,* for the appellant.

*Joab H. Banton, District Attorney* [*Charles Henry* of counsel], for the respondent.

FRESCHI, J.:

A charge against this appellant of knowingly permitting her premises to be used for purposes of lewdness, prostitution or assignation in violation of subdivision 4 of section 887 of the Code of Criminal Procedure was sustained by the learned court below. The record presents ample evidence of an act of prostitution as charged in the complaint. On the question of appellant's guilty knowledge, there was a strong conflict of testimony, presenting a question of fact which was resolved against her. Her admission to Policeman Hughes that she had received money for the alleged criminal use of a room in her house, coupled with a request, claimed to have been made by her, for police assistance was accepted as proof of the fact. This admission is not the only thing in the case. If it were, the rule requiring additional evidence would not have been met. Here the police witnessed the entrance of the man (Goldman) into the premises where he was found with a woman (Gladstone), both exposed in a bedroom, to which room the police went with this appellant. These facts are convincing proof of the commercialized vice in the case and of the illegitimate use to which the premises controlled by the appellant were put. Mindful of the denials in the appellant's defense and of the caution required in analyzing alleged third party declarations in the presence of the accused and admissions attributed to her, which, after all, forms the connecting link in this case, I hesitate to substitute my judgment on the issues for that of the magistrate who saw and heard the witnesses on both sides. If the police testimony were believed by the arbiter of the fact to be founded in truth, it suffices to sustain the charge, furnishes proof of the *corpus delicti* and compels an affirmance of this judgment. (*People* v. *Lorraine,* 196 N. Y. Supp. 323.)

Appellant cites the rule in *People* v. *Buzzi* (238 N. Y. 390), that an appellate court must set aside a judgment if the record tends to show that the verdict of the jury is based not on a careful consideration of competent evidence, but on prejudice or passion or incompetent evidence. In this connection, I cannot take the view urged by the learned counsel for appellant that the production of the rubber bag referred to in the police testimony and the stricken-out statement about the appellant's prior arrest created prejudice and was serious error as he claims.

I do, however, agree that the well-recognized rule (*Marshall* v.

*Davies,* 78 N. Y. 414) which compels the prosecution to present all its case in chief before the defense is called upon to meet the case of the People was not followed, a practice which should not be encouraged; but since the trial judge saw fit, in the exercise of his discretion, to allow the reopening of the case by the prosecutor, I am inclined to rule that this alone does not warrant a reversal and a new trial.

My judgment is that no prejudicial errors requiring a reversal were committed and that the appellant had a fair trial.

The judgment of conviction should be affirmed in all respects.

KERNOCHAN, Ch. J., and McINERNEY, J., concur in opinion of FRESCHI, J.

Judgment of conviction affirmed in all respects.