MARIAN BURDEN, Respondent, v. HARVEY P. SHAVER, Defendant, H. RUSSELL HOPCRAFT and FRED S. ROBERTS, Appellants.— Order so far as appealed from affirmed, with ten dollars costs and disbursements, on the authority of *Rochester Trust & Safe Deposit Co.* v. *Hatch* (273 N. Y. 507) and *Johnson* v. *Meyer* (268 id. 701). All concur. (The order grants a motion to strike out parts of an answer, in an action by a mortgagee under a bond to recover taxes paid and interest due.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

MARY L. SCHMITT, as Administratrix, etc., of FRED W. SCHMITT, Deceased, and as Trustee of the EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, OF LONDON, ENGLAND, Respondent, v. W. W. BABCOCK COMPANY, Appellant.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. Memorandum: In February, 1936, defendant notified the plaintiff that its expert on wood had become incapacitated and asked for time to find another expert. The request was granted. Defendant did not again communicate with the plaintiff on the subject. Delay there was in moving the case for trial but the defendant acquiesced in it and the court so found. No abuse of discretion is indicated and the order denying the motion to dismiss should be affirmed. All concur. (The order denies a motion to dismiss the complaint for *laches*, in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

EDWARD I. CASE, Appellant, v. LEONA CASE, Respondent.— Order reversed on the law, without costs, and motion granted except as to those parts of the paragraph in the answer numbered fourth, occurring before the words " that in June, 1935, defendant came to a point," and also except those parts of the first and second sentences in the paragraph in the answer numbered fifth occurring before the words in the respective sentences " as appears from the proceedings of the Children's Court," and otherwise denied, without costs. Memorandum: In our opinion the orders of the Children's Court of Oneida county are in no wise *res adjudicata* and allegations in conflict with this view must, therefore, be stricken out. While the other allegations in the answer, particularly those in paragraph 4, which are sought to be stricken out, are matters admissible under the general denial, still they are of the same general character as other allegations in the paragraph to which the plaintiff addresses no motion. We, therefore, conclude that these allegations may remain in the pleading. All concur. (The order denies a motion to strike out allegations in defendant's answer, in an action for separation.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

ALEXANDER H. FRIED and ADOLPH J. FRIED, Doing Business under the Firm Name and Style of FRIED BROS., Appellants, v. HICKOK MANUFACTURING COMPANY, INC., and HARRY A. HAMILTON, Impleaded Party Defendant, Respondents. — Order reversed on the law and the facts as matter of discretion, with ten dollars costs and disbursements, and motion granted to allow the examination sought, with production of books. All concur. (The order denies a motion for an examination before trial, in an action to recover commissions.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

HOWARD A. MARKHAM, Respondent, v. A. R. GUNDRY, INC., and ALFRED R. GUNDRY, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendants' motion for change of venue.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.