UNION TRUST COMPANY OF ROCHESTER, Respondent, v. ROCHESTER H. ROGERS, Appellant.— Judgment and order affirmed, with costs. Memorandum: The appellant-mortgagor conveyed the mortgaged premises subject to the mortgage but did not require his grantee to assume payment of the mortgage debt, thus creating an equity in favor of the appellant-mortgagor similar to that of a surety, which equity the respondent-mortgagee was under a duty to respect. (*Pain* v. *Packard*, 13 Johns. 174; *Remsen* v. *Beekman*, 25 N. Y. 552; *Murray* v. *Marshall*, 94 id. 611; *Gottschalk* v. *Jungmann, No. 1*, 78 App. Div. 171; *Colgrove* v. *Tallman*, 67 N. Y. 95.) The defense, upon which the appellant relies, alleges in substance that, after default in payment of accrued interest, he notified the respondent to proceed against his grantee and the property, which respondent failed to do. This defense is insufficient in law in that it lacks the essential allegation that, at the time of giving the notice, the property exceeded in value the amount of the mortgage debt and that, subsequent to such notice, the value of the property had depreciated to such an extent that it was worth less than the mortgage debt. (See *Black River Bank* v. *Page*, 44 N. Y. 453; *Gottschalk* v. *Jungmann, No. 1, supra*, 174; *National Savings Bank of Albany* v. *Fermac Corp.*, 241 App. Div. 204, 207; affd., 266 N. Y. 443; *Genesee Valley National Bank & Trust Co.* v. *Collister*, 248 App. Div. 671; *Wells* v. *Mann*, 45 N. Y. 327, 330; *Newcomb* v. *Hale*, 90 id. 326, 332; Stearns on the Law of Suretyship [4th ed.], § 244 *et seq.*; "The Doctrine of *Pain* v. *Packard*," 1928 Yale Law Journal, vol. 37, p. 971.) The order, therefore, striking out this defense and directing judgment in respondent's favor was proper, and the judgment entered thereon should be affirmed, with costs. All concur. (The judgment is for plaintiff in an action to recover interest due on a bond and mortgage. The order grants plaintiff's motion to strike out defendant's affirmative defenses and for judgment on the pleadings.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALTON H. WOLFE and GOTTLOB A. MURR, Appellants.— Judgment of conviction affirmed. All concur. (The judgment convicts defendants of the crimes of fraudulently presenting bills and claims to public officers in violation of section 1872 of the Penal Law and obtaining proceeds of a fraudulent audit in violation of section 1864 of the Penal Law.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

In the Matter of FRANK T. GRACE, an Attorney and Counselor at Law, Respondent.— Order entered upon resignation striking name of attorney from Roll of Attorneys and Counselors at Law. Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

## (January 15, 1941.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES J. ARCHER, Appellant, v. JOSEPH H. BROPHY, Esq., Warden of Auburn State Prison, Auburn, New York, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.