Charles Lambiase, J.
This is an application by petitioner above named ‘ ‘ for an Order reversing, annulling and setting aside the Decision and Determination of the Board of Appeals of the City of Rochester, New York, granting Domine Builders Supply Corporation’s appeal and application for a variance herein, and for such other and further relief as to the Court may seem just and proper.” (Notice of motion, dated June 22, 1965.)
Briefly, the facts are as follows: Intervenor-respondent, hereinafter referred to as “ Domine ”, purchased the land in question from the City of Rochester, New York. The land was at that time zoned R-2 Residential. Domine thereafter duly made an application for a variance with reference to said land to construct a commercial two-story office building of masonry to be used in conjunction with its then and present premises and business with off-street parking, which application was approved and a variance was granted by respondent Board of Appeals. At all times herein mentioned a zone classification of R-2 Residential District of the premises involved then did not and now does, not permit such a commercial use. This proceeding was then instituted by petitioner which had appeared and had opposed the granting of the variance.
Intervenor-respondent, Domine, by answer filed and served herein, among other things, “ specifically denies that the petitioner is a person who is a proper party in this proceeding or a person aggrieved by the decision of which it complains. ’ ’ (See General City Law, § 82.)
“ The law is well settled that to be a ‘ person aggrieved ’ one must be specially, personally and adversely affected as distinguished from one who is merely in the general class of a taxpayer whose only interest is to have strict enforcement of zoning regulations for the welfare of the entire community. There must be special injury or damage to one’s personal or property rights as distinguished from the role of being only a champion of causes *887 (Matter of Blumberg v. Hill, 119 N. Y. S. 2d 855).” (Matter of Hattem v. Silver, 19 Misc 2d 1091, 1092.)
Following the original argument of this matter and by memorandum dated September 30, 1965 filed herein, we “ concluded that the question thus raised by the pleadings may not be determined upon the papers before us, and that a plenary hearing is necessary to determine the same. In this posture of the matter before us, the determination of other questions herein must await a decision in the first above mentioned point. ’ ’ Thereafter and on the 27tli day of October, 1965 such a plenary hearing was had, and we now dispose of that question and of other questions raised by the pleadings herein which have been held in abeyance pending the aforesaid hearing.
It appears from the record before us particularly as made in the October 27, 1965 hearing, among other things, that the property in question was conveyed to petitioner by bargain and sale deed from Morton Brodsky and Samuel Brodsky, the same being dated and acknowledged April 28, 1965; that petitioner as owner did on April 29, 1965 make, execute and deliver to LincolnRocliester Trust Company a mortgage on said premises for three and one-half million dollars, and also on said day did make, execute and deliver a “ Construction and Permanent Loan Agreement” to said trust company; that by bargain and sale deed dated April 29, 1965 petitioner reconveyed the property herein to Morton Brodsky and Samuel Brodsky aforesaid; that said deeds, mortgage and loan agreement were recorded in the Monroe County Clerk’s office on the 5th day of May, 1965, the deed to petitioner--and the mortgage and loan agreement being recorded at 9:26 a.m., and the deed out of petitioner being-recorded at 9:27 a.m. ; and that in and by the bargain and sale deed from petitioner to said Morton Brodsky and Samuel Brodsky the latter do not assume the payment of the debt secured by the mortgage and loan agreement, although the following appears in the mortgage, paragraph 45: “ Upon any transfer of title to the premises covered by this mortgage and/or upon any transfer of the Mortgagor’s interest in said premises, the successor in title and/or the successor to the Mortgagor’s interest in said premises shall by acceptance of the deed to said premises and/or by acceptance of any instrument conveying this Mortgagor’s interest in said premises, become a member of the Mortgagee, entitled to all privileges and subject to all the obligations incident to such membership for all the purposes of said mortgage and shall -assume and agree to pay the balance of principal remaining due on this mortgage at the time of such transfer, but this paragraph 45 shall not in any manner *888 whatsoever limit the mortgagee’s rights under paragraph 8 hereof.”
We note that it is alleged in the petition herein dated June 22, 1965 and verified the same day by the aforesaid Morton Brodsky as president of petitioner, that petitioner was at the time of the initiation of this proceeding, the owner of the property involved herein. Actually petitioner had passed out of title April 29, 1965 having been in such ownership only one day. The fact that Morton Brodsky and Samuel Brodsky, its grantees at all times herein mentioned, owned all the stock of petitioner corporation does not alter the picture. Thus petitioner’s standing as an “ aggrieved ” person may not be and is not sustained on the basis of ownership.
Petitioner’s standing as an “aggrieved” person by reason of being a mortgagor and by reason of its having signed said loan agreement has also been urged. No specific objection has been raised to this by intervenor-respondent as a variance between the allegations of the petition and the proof. In fact, it is intervenor-respondent’s position (1) that at the time of the commencement of this proceeding petitioner was not the owner of the premises involved herein, a position which we have sustained; and (2) that petitioner was not and could not be an “ aggrieved ” person under the statute simply by virtue of its being a mortgagor.
Assuming arguendo, and for that purpose only, that the land was conveyed subject to the mortgage, then “While * * * no strict and technical relation of principal and surety arose between the mortgagor and his grantee from the conveyance subject to the mortgage, an equity did arise which could not be taken from the mortgagor without his consent, and which bears a very close resemblance to the equitable right of a surety * * *. We cannot accurately denominate the grantee a principal debtor, since he owes no debt, and is not personally a debtor at all, and yet, since the land is the primary fund for the payment of the debt, and so his property stands specifically liable to the extent of its value in exoneration of the bond, it is not inaccurate to say that as grantee, and in respect to the land, and to the extent of its value, he stands in the relation of a principal debtor, and to the same extent the grantor has the equities of a surety. This follows inevitably from the right of subrogation which inheres in the "original contract of sale and conveyance. It is a definite and recognized right, which, in the absence of an express agreement, will be founded upon one implied. (Gans v. Thieme, 93 N. Y. 232.) When the mortgagor in this case sold expressly subject to the mortgage, remaining *889 liable upon his bond, he had a right as against his grantee to require that the land should first be exhausted in the payment of the debt. Presumably the amount of the mortgage was deducted from the purchase-price, or at least the transfer was made and accepted in view of the mortgage lien. Seller and buyer both acted upon the understanding that the land bound for the debt should pay the debt as far as it would go, and their contract necessarily implied that agreement. Through the right of subrogation the vendor could secure his safety, and that right could not be invaded with impunity.” (Murray v. Marshall, 94 N. Y. 611, 615-616; Union Trust Co. of Rochester v. Rogers, 261 App. Div. 882.)
On the other hand and further assuming arguendo, and for that purpose only, that it be the case that said Morton Brodsky and Samuel Brodsky ‘ ‘ by acceptance of the deed to said premises and/or by acceptance of any instrument conveying this Mortgagor’s interest in said premises * * * shall assume and agree to pay the balance of principal remaining due on this mortgage at the time of such transfer” (Mortgage, par. 45), then the relationship between petitioner and its grantees remains, as between itself and them, one of surety and principal debtor respectively.
Was the petitioner at the time of the initiation of this proceeding within the category of a person “ aggrieved” within the purview of section 82 of the General City Law. We conclude that either as surety or as one having “ the equities of a surety ” by virtue of being a mortgagor, petitioner has shown itself to be a person ‘ ‘ aggrieved ’ ’ within the purview of said statute.
This disposes of intervenor-respondent’s objection to petitioner’s right to maintain this proceeding, and we now proceed to the merits of this application.
It appears that the variance herein was granted upon the grounds of undue hardship and practical difficulties. In this connection petitioner argues that intervenor-respondent’s hardship, if any, is self-imposed since at the time the latter acquired the premises involved herein, the zoning restrictions which have been the subject of the variance were in full force and effect. It is asserted, and there is no dispute, that intervenor-respondent purchased the property involved from the City of Rochester, New York, for a purpose not permitted under the zoning ordinances of the City of Rochester, New York, at the time of said purchase and of the granting of said variance. We are in accord with petitioner’s position.
It has been held “ that one who thus knowingly acquires land for a prohibited use, cannot thereafter have a variance on *890 the ground of ‘ special hardship ’ (Matter of Henry Steers, Inc. v. Rembaugh, 259 App. Div. 908, 909, affd. 284 N. Y. 621).” (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86, 89.)
In view of the foregoing we do not reach the further point made by petitioner that intervenor-respondent has failed in its burden of showing unnecessary hardship. (Matter of Otto v. Steinhilber, 282 N. Y. 71.)
The motion by petitioner “ for an Order reversing, annulling and setting aside the Decision and Determination of the Board of Appeals of the City of Rochester, Few York, granting Domine Builders Supply Corporation’s appeal and application for a variance herein,” must be and hereby is granted in all respects.
Submit judgment accordingly. (CPLR 7806, formerly Civ. Prac. Act, § 1300.)